```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

**UNITED STATES OF AMERICA**

v.                                           CASE NO.  3:98-cr-225-J-33HTS

**FRANK KELLEY**

_____/

<u>ORDER</u>

This matter comes before the Court pursuant to Defendant's pro se motion for sentence modification pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), which was filed on April 14, 2008 (Doc. # 98).

On March 31, 2008, this Court entered an Order (Doc. # 97) reducing Defendant's sentence from 151 months to 121 months of imprisonment after reviewing the supplemental report prepared by the Office of Probation and the parties' Joint Stipulation Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. # 96).

Thereafter, on April 14, 2008, Defendant filed the instant motion, pro se, requesting that this Court further reduce his sentence to "time served plus one year" a term of imprisonment below the mandatory minimum term of imprisonment. (Doc. # 98). Defendant indicates that this reduction would be appropriate under <u>United States v. Booker</u>, 543 U.S. 220 (2005).  In support of this motion, Defendant indicates that he has obtained his GED, is presently training other individuals, and that he needs to spend

time with his young sons. (Doc. # 98).

While this Court is sympathetic to Defendant's desire to have a positive impact on the lives of his children, this Court is not in a position to grant a further reduction of Defendant's sentence at this time.  This Court reduced Defendant's sentence on March 31, 2008, in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. (Doc. # 97).  Defendant received the full benefit of the Amendment.  Defendant's base offense level was reduced from 31 to 29, and his guidelines range was reduced from a range of 151 to 188 months of imprisonment to a range of 121 to 151 months of imprisonment. (Doc. # 97).  In reducing Defendant's sentence pursuant to Amendment 706, the court was required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced.  USSG § 1B1.10(b)(1).  In making this determination, the court was required to "substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "leave all other guideline application decisions unaffected."  USSG § 1B1.10(b)(1).

The Court takes this opportunity to advise Defendant that Section 3582(c)(2) authorizes only a sentence reduction based on a retroactive amendment that lowers a sentencing range under which a

defendant was sentenced. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000)("All original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.") Id. at 781-782 (emphasis in original). The Eleventh Circuit made clear in United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) that Section 3582(c)(2) motions may not be used to present claims under Booker because Booker is not a retroactive guidelines amendment. See also, United States v. Alebord, 256 Fed. App'x 255, 256 (11th Cir. 2007)(same).

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED**:

Defendant's pro se motion for sentence modification pursuant to United States v. Booker (Doc. # 98) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 23rd day of June, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record
U.S. Probation Office
Bureau of Prisons
U.S. Marshal's Office